| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| DURHAM COUNTY | 19 CVS ___ |

FILED
2019 JUL 26 P 2: 13
DURHAM CO., C.S.C.
BY_____

TAYLOR ROBINETTE,

    Plaintiff,

v.

TESLA, INC., D/B/A TESLA MOTOR COMPANY,

    Defendant.

**COMPLAINT**

Plaintiff, through counsel, alleges and says:

## JURISDICTION

Jurisdiction and venue is proper in this Court because Plaintiff resides in Durham County, Defendant transacts business here, and the acts and transactions alleged herein occurred here.

## PARTIES

1. Plaintiff is a resident of Durham County, North Carolina.

2. Defendant is a foreign corporation or limited liability company authorized to do business and doing business in North Carolina.

## FACTUAL ALLEGATIONS

3. Defendant manufactures, assembles, and distributes new motor vehicles that are sold in the State of North Carolina, including the vehicle that is the subject of this action, a new 2017 Tesla Model X, Vehicle Identification Number 5YJXCDE28HF044560 (the "Vehicle").

1

4. Defendant sold or distributed the Vehicle to Tesla, Inc., d/b/a Tesla Motor Company, one of Defendant's authorized franchise dealerships.

5. On September 19, 2017, Plaintiff purchased the Vehicle for personal use for a total cash purchase price of $87,921.20.

6. Tesla, Inc., d/b/a Tesla Motor Company sold the Vehicle to Plaintiff as a new vehicle with a written warranty provided by Defendant.

7. Plaintiff serviced and maintained the Vehicle in accordance with the guidelines of the Vehicle Owner's Manual.

8. Pursuant to the Vehicle's express written warranty, Defendant promised to repair or replace free of charge any parts found defective in material or workmanship within forty-eight (48) months or 50,000 miles from original delivery of the Vehicle.

9. Since the date of purchase, the Vehicle has suffered from numerous defects in material or workmanship including, but not limited to:

   a. Electrical problems with the sensors;

   b. Media Control Unit (MCU) crashing multiple times per day;

   c. Key often does not work and locks Plaintiff out of the car, or will not let him start the car;

   d. Air Conditioner will stop working intermittently while driving;

   e. The Vehicle's steering wheel pops and makes noises while turning;

   f. Rattles and noise in the cabin while driving;

   g. Window noises while opening and closing windows; and

   h. The battery operates for significantly less range than advertised, no matter the manner in which the vehicle is driven;

10. The defects or nonconformities arose within the first twenty-four months or

2

twenty-four thousand miles following original delivery to Plaintiff.

11. Specifically, Plaintiff first reported the defects to an authorized repair facility on October 16, 2017.

12. At the time of the first repair, the Vehicle had been driven less than 24,000 miles.

13. Plaintiff has since presented the Vehicle to Defendant and/or its agent or an authorized dealer for repairs at least four (4) times for the same defects or nonconformities, and/or the Vehicle was out of service for warranty repairs for twenty (20) or more business days within a twelve-month period of the warranty.

14. In accordance with N.C.G.S. § 20-351.5(a), Plaintiff gave Defendant written notice of its final opportunity to repair the Vehicle within fifteen days.

15. Defendant failed to repair the Vehicle within the requisite time period.

16. Plaintiff allowed Defendant a reasonable opportunity to fix the defects or nonconformities.

17. Despite Defendant's repair attempts, the same defects or nonconformities continue to exist, and Defendant has failed to repair the defects within a reasonable period of time.

18. Plaintiff has lost faith in the Vehicle due to the defects in material or workmanship.

19. The Vehicle's defects or nonconformities substantially impair its value to Plaintiff.

20. Defendant subsequently refused to repurchase or replace the Vehicle in accordance with the North Carolina New Motor Vehicles Warranties Act.

### FIRST CLAIM FOR RELIEF
(North Carolina New Motor Vehicles Warranties Act)

21. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

3

22. The Vehicle does not conform to Defendant's express written warranty because of the Vehicle's defects in material or workmanship.

23. The defects or conditions, or series of defects or conditions, alleged herein began no later than 24 months or 24,000 miles following the Vehicle's original delivery to Plaintiff.

24. The defects or nonconformities are not the result of abuse, neglect, odometer tampering, or unauthorized modifications or alterations of the Vehicle by Plaintiff or anyone acting on Plaintiff's behalf.

25. Plaintiff rejected or revoked acceptance of the Vehicle within a reasonable time, and has demanded a full refund from Defendant.

26. Defendant has not complied with Plaintiff's demand.

27. Plaintiff gave Defendant ten (10) days written notice of intent to bring an action against Defendant.

28. Defendant has refused to repurchase or replace the Vehicle, as required by N.C. Gen. Stat. § 20-351.3(a).

29. Defendant has unreasonably refused to comply with N.C. Gen. Stat. § 20-351.2 and/or N.C. Gen. Stat. § 20-351.3.

30. As a direct and proximate result of the Vehicle's defects, Defendant's inability or refusal to repair them, and Defendant's refusal to replace the Vehicle or refund its price, Plaintiff has suffered actual, incidental, and consequential damages, in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(Breach of Implied Warranty of Merchantability)

31. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

32. Under the North Carolina Uniform Commercial Code, N.C. Gen. Stat. § 25-2-104, Defendant is a "merchant" with respect to motor vehicles.

33. Pursuant to N.C. Gen. Stat. § 25-2-314, an implied warranty that the Vehicle was merchantable arose by operation of law as part of the sale.

34. Defendant breached the implied warranty of merchantability in that the Vehicle was not in merchantable condition when sold or at any time thereafter, was not fit for the ordinary purposes for which such goods are used, and will not pass without objection in the trade.

35. Plaintiff notified Defendant of the Vehicle's defects within a reasonable time after discovery of the breach.

36. Pursuant to N.C. Gen. Stat. § 25-2-714(2), Defendant's breach of the implied warranty of merchantability entitles Plaintiff to recover damages equal to the difference at the time and place of acceptance between the value of the Vehicle as accepted and the Vehicle's value had it been as Defendant warranted.

### THIRD CLAIM FOR RELIEF
(Magnuson-Moss Warranty Act (15 U.S.C. 2301 et seq.))

37. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

38. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301(a)-(d).

39. The Vehicle is a "consumer product" as that term is defined in 15 U.S.C. § 2301(1).

40. Defendant is a "supplier" and "warrantor" as those terms are defined in 15 U.S.C. § 2301(4), (5).

41. Plaintiff is a 'consumer' as that term is defined in 15 U.S.C. § 2301(3).

42. Pursuant to 15 U.S.C. § 2301(d)(1), any consumer who is damaged by the failure of

a warrantor to comply with a written or implied warranty is provided a cause of action for damages caused by the warrantor's breach.

43. Although Plaintiff complied with all reasonable terms and conditions imposed by Defendant, Defendant has been unable or unwilling to fix the Vehicle's defects within a reasonable time.

44. Plaintiff gave Defendant a reasonable opportunity to cure its failure to comply with its warranties, but Defendant has been unable or unwilling to do so.

45. As a direct and proximate result of the Defendant's breach of written and implied warranties, and violation of the Magnuson-Moss Warranty Act, Plaintiff has been damaged in an amount to be determined at trial, or, in the alternative, is entitled to a refund of the Vehicle's purchase price, other incidental and consequential damages, and reasonable attorney's fees.

WHEREFORE, Plaintiff prays:

1. That, pursuant to N.C. Gen. Stat. § 20-351 et seq, Plaintiff have and recover from Defendant:

   a. Refund of the full contract price including, but not limited to, charges for undercoating, dealer preparation and transportation, and installed options, plus the non-refundable portions of extended warranties and service contracts;

   b. all collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges;

   c. any finance charges incurred after the first date the nonconformity was reported to Defendant, its agents, or its authorized dealer;

   d. taxes, loss of use, insurance, and replacement costs of the Vehicle;

  e. attorney fees pursuant to N.C. Gen. Stat. § 20-351.8;

  f. treble the amount of any damages recovered against Defendant pursuant to N.C. Gen. Stat. § 20-351.8.

2. That, pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d), Plaintiff have and recover of Defendant:

  a. damages, in an amount to be determined at trial, caused by Defendant's failure to comply with its express and implied warranty obligations; and

  b. costs, including reasonable attorney's fees.

3. That interest and the costs of this action be taxed to Defendant;

4. That this matter be tried by a jury; and

5. For such other and further relief as the Court may deem just and proper.

This the 23 day of July, 2019.

          **NORRIS LAW FIRM, PLLC**

          By: _____
          J. Matthew Norris
          NC Bar No. 37206
          P.O. Box 1318
          Wake Forest, NC 27588
          Telephone: (919) 981-4475
          Facsimile: (919) 926-1676
          *Counsel for Plaintiff*